# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-900
### Filed:  June 12, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| CATHERINE BRATT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | Interim Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Reasonable Amount Requested to which |
| AND HUMAN SERVICES, | * | Respondent Does not Object. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | * | |

Mark T. Sadaka, Sadaka Associates LLC, Englewood, NJ, for petitioner.
Tara Kilfoyle, United States Department of Justice, Washington, DC, for respondent.

### INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On December 27, 2011, Virginia Versland filed a petition on behalf of Catherine Bratt ("petitioner")[2] pursuant to the National Vaccine Injury Compensation Program.[3]  42 U.S.C. §§ 300aa-1 to -34 (2006).  The petition alleged that Ms. Bratt received an influenza vaccination on January 2, 2009 which caused her to suffer from chronic inflammatory demyelinating

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] Catherine Bratt was later substituted for Virginia Versland as petitioner, and the caption was amended accordingly.  See Order, dated April 16, 2013, at 1.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

polyneuropathy. Petition at 1.

On June 11, 2014, the parties filed a Stipulation of Fact Concerning Interim Attorneys' Fees and Costs ("stipulation"). According to the stipulation, respondent does not object to an award to petitioner of attorney's fees and costs in the amount of $71,127.43, for attorneys' fees and costs incurred through May 29, 2014.[4] In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any costs in pursuit of this claim.

The undersigned finds that petitioner is entitled to an award of interim attorneys' fees and costs under the unique facts and circumstances of this case. See Butler v. Sec'y of Health & Human Servs., No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cr. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees"); Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). The undersigned finds that paragraphs 5 and 6 of the stipulation are reasonable and adopts them as the decision of the Court in awarding interim attorneys' fees and costs, on the terms set forth therein.

Accordingly, an award should be made as follows:

> in the form of a check jointly payable to petitioner and Mark T. Sadaka, of the law firm of Sadaka Associates LLC, in the amount of **$71,127.43**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

---

[4] Respondent maintains that "[t]he express language of Section 15(e)(1) of the Act confers authority upon the Special Master (or the Court of Federal Claims) to award attorneys' fees and costs either (1) 'as part of such compensation' when 'awarding compensation on a petition,' or (2) after entry of judgment 'if the judgment of the United States Court of Federal Claims on such a petition does not award compensation.' 42 U.S.C. § 300aa-15(e)(1). Section 15€(1) does not, however, authorize the interim attorneys' fees and costs requested here, since neither of those conditions are met. Nevertheless, respondent is aware that Special Masters have previously rejected respondent's position with respect to Section 15(e)(1). See Bear v. Sec'y of HHS, No. 11-362V, 2013 WL 691963 at *3-5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Whitener v. Sec'y of HHS, No. 06-477V, 2011 WL 1467919, at *2-4 (Fed. Cl. Spec. Mstr. Mar. 25, 2011). Taking into consideration the circumstances presented in this case, respondent elects not to raise her statutory objection at this time in response to this particular request for interim attorneys' fees and costs." Stipulation at 1 n. 1.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master