# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 11-900V

Filed: October 17, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| CATHERINE BRATT, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

<u>Mark T. Sadaka</u>, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
<u>Michael P. Milmoe</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 27, 2011, Catherine Bratt ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on January 2, 2009, she suffered Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Petition at Preamble. On February 1, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation pursuant to the terms of the joint stipulation was issued February 2, 2016.

On September 6, 2016, petitioner filed an application for attorneys' fees and costs, requesting $49,077.89 in attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") at

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2. On October 14, 2016, petitioner filed an amended application for attorneys' fees and costs, requesting $44,000.00. Pet. Amended App. at 1. In accordance with General Order #9, petitioner's counsel avers that petitioner did not incur any costs related to the prosecution of this matter. General Order #9 Statement, dated Oct. 14, 2016. On October 14, 2015, respondent filed a response to petitioner's application, stating that she "does not object to the overall amount sought in petitioner's amended application, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." Respondent's Response at 1. Respondent notes that "[her] lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Based on the reasonableness of petitioners' request and the lack of objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

(1) **A lump sum of $44,000.00 in the form of a check payable jointly to petitioner and petitioner's counsel, Mark T. Sadaka, of Mark T. Sadaka, LLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.